UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joan Kathryn Wenger,

            Petitioner

v.

Frank Dreesen, et al.,

            Respondents

Case No. 2:23-cv-01965-CDS-DJA

**Order Granting Motion to Dismiss**

[ECF No. 29]

      This habeas corpus action, brought under 28 U.S.C. § 2254, was initiated pro se on November 28, 2023, by Joan Kathryn Wenger, who was then incarcerated at Nevada's Florence McClure Women's Correctional Center serving a sentence of life in prison with the possibility of parole after ten years on a conviction of vehicular homicide, entered following her guilty plea, in Nevada's Ninth Judicial District Court (Douglas County). *See* ECF Nos. 1, 1-1, 1-2. The Court appointed counsel for Wenger, and, with counsel, Wenger filed an amended habeas petition on November 18, 2024. ECF Nos. 3, 5, 13. On June 11, 2025, the respondents filed a motion to dismiss, contending in relevant part that this action should be dismissed on the ground of the fugitive disentitlement doctrine because Wenger escaped from prison on September 14, 2024, and remains a fugitive, out of state custody. ECF No. 29. Wenger's counsel filed an opposition to that motion on Wenger's behalf on August 11, 2025, and the respondents replied on October 10, 2025. ECF Nos. 31, 34.

      Wenger states in her first amended habeas petition, filed on November 18, 2024:

> On September 16, 2024, the Nevada Department of Corrections reported that two days earlier, Joan Wenger "walked away from Jean Conservation Camp," where she had been incarcerated. . . .

ECF No. 13 at 1, n.1. This is undisputed. It is also undisputed that, as of the date of this order, Wenger remains a fugitive. *See* https://ofdsearch.doc.nv.gov/form.php (Search: Offender ID 1250827).

The fugitive disentitlement doctrine recognizes that "escape from custody is inconsistent with the pursuit of judicial remedies and constitutes a voluntary waiver of any pending judicial review of a criminal conviction." *United States v. Murgia-Oliveras*, 421 F.3d 951, 954 (9th Cir. 2006), citing *Antonio-Martinez v. INS*, 317 F.3d 1089, 1091 (9th Cir.2003). The Supreme Court has sustained the authority of a court applying the doctrine to dismiss an appeal in a criminal matter when the party seeking relief becomes a fugitive. *Degen v. United States*, 517 U.S. 820, 823 (1996). The doctrine is a "discretionary device by which courts may dismiss criminal appeals or civil actions by or against individuals who are fugitives from justice," and "[i]t has been applied not only in criminal appeals, but in civil cases as well, including *inter alia*, habeas and other collateral challenges to a criminal conviction." *Frank v. Yates*, 887 F.Supp.2d 958, 972 (C.D. Cal. 2012) (internal citations omitted) (citing examples). The doctrine is severe in that it mandates dismissal of a habeas action without adjudicating the merits of the petitioner's claims, "[b]ut when circumstances warrant, it serves several important interests." *Antonio-Martinez.*, 317 F.3d at 1091. The doctrine "discourages the felony of escape and encourages voluntary surrenders." *Degen*, 517 U.S. at 824. The doctrine "promotes the efficient, dignified operation of the courts." *Id.* In addition, "[f]light frustrates the execution of judgment should the government prevail; by invoking the doctrine, we 'avoid making decisions that could not be enforced.'" *Id.*, quoting *United States v. Gonzalez*, 300 F.3d 1048, 1051 (9th Cir.2002), and citing *Parretti v. United States*, 143 F.3d 508, 511 (9th Cir.1998) (en banc).

In her opposition to the motion to dismiss, Wenger points out, correctly, that the doctrine is a "discretionary device." ECF No. 31 at 2. She goes on to argue that the Court should exercise its discretion to decline application of the doctrine; her entire argument in this regard is as follows: "To do otherwise means that Wenger's valid and timely raised claims will never be heard, prejudicing her." *Id* at 3. But the entire point of the doctrine is the fugitive petitioner's waiver of claims *before they are adjudicated on their merits*. Wenger points to no legitimate reason why the fugitive disentitlement doctrine should not apply in her case. All the policies behind the doctrine

support its application. The Court will apply the fugitive disentitlement doctrine and will grant the respondents' motion to dismiss.

I therefore order that respondents' motion to dismiss **[ECF No. 29] is GRANTED**. This action is dismissed. Because reasonable jurists would not find this ruling debatable or wrong, the petitioner is denied a certificate of appealability. The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

Dated: November 14, 2025

_____
Cristina D. Silva
United States District Judge

3