UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joan Kathryn Wenger,

Petitioner

v.

William Reubart,[1]

Respondent

Case No. 2:23-cv-01965-CDS-DJA

**Order Granting Motion for Relief from Judgment, Denying Motion to Dismiss, and Setting Answer Deadline**

[ECF Nos. 29, 37]

Petitioner Joan Kathryn Wenger filed a counseled federal habeas petition under 28 U.S.C. § 2254. ECF No. 13. Respondent filed a motion to dismiss, arguing that the petition should be dismissed because Wenger was a fugitive and no longer in custody. ECF No. 29. I granted the motion, exercising my discretion to apply the fugitive disentitlement doctrine. ECF No. 35. judgment was entered. ECF No. 36. Wenger has now moved for relief from the judgment, explaining that she is no longer a fugitive and is back in custody. ECF No. 37. Respondent opposed the motion, and Wenger replied. ECF No. 38, 39. I find that the judgment should be vacated, I reevaluate the motion to dismiss, and I instruct the respondent to file an answer.

## I. Background

In 2021, the state court entered a Judgment of Conviction, following a guilty plea, convicting Wenger of vehicular homicide. ECF No. 22-33. Wenger's guilty plea agreement provided, in relevant part, that "the parties [will] mutually recommend that [she] be sentenced to serve a definite term of 25 years in prison, with eligibility for parole beginning when a minimum of 10 years has been served." ECF No. 22-25 at 2. Notwithstanding the guilty plea agreement, the state court sentenced Wenger to life in prison with parole eligibility after 10 years. ECF No. 22-33.

[1] The state corrections department's inmate locator page shows that Wenger is incarcerated at Florence McClure Women's Correctional Center. William Reubart is the current warden for that facility, so he is substituted for Respondent Frank Dreesen. *See* Fed. R. Civ. P. 25(d).

Wenger appealed, but the Nevada Court of Appeals affirmed the Judgment of Conviction. ECF No. 23-28.

Wenger filed a pro se state habeas petition. ECF No. 23-31. The state court refused to appoint counsel for Wenger and dismissed the petition, Wenger appealed, and the Nevada Court of Appeals affirmed. ECF No. 24-29.

## II. Discussion

### A. Relief from the judgment is warranted.

Under Federal Rule of Civil Procedure 60(b), a party may be relieved from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Wenger argues that relief is warranted under Federal Rule of Civil Procedure 60(b)(6) because the basis behind the granting of the motion to dismiss has been remedied. ECF No. 37.

Wenger escaped from prison in September 2024 and was a fugitive at the time I granted the motion to dismiss. ECF No. 35. In that order, I relied on the fugitive disentitlement doctrine. *Id.* That doctrine recognizes that "escape from custody is inconsistent with the pursuit of judicial remedies and constitutes a voluntary waiver of any pending judicial review of a criminal conviction." *United States v. Murgia-Oliveras*, 421 F.3d 951, 954 (9th Cir. 2006). Because Wenger is no longer a fugitive, having been recaptured in June 2026, she argues that the judgment dismissing this case should be vacated. ECF No. 37.

I find that relief is warranted under Federal Rule of Civil Procedure 60(b)(6). Although I do not condone Wenger's escape from prison and acknowledge that reopening this case benefits—rather than deters—escapes, relief is justified because (1) Wenger is no longer a fugitive, which was my sole basis for granting the motion to dismiss, and (2) refusing to reopen this case would be inequitable given that the merits of Wenger's federal habeas petition would otherwise never be

heard. So I vacate my previous order on the motion to dismiss. I therefore turn to the other arguments presented within that motion.

**B. The motion to dismiss is denied.**

In her petition, Wenger argues that (1) the prosecutor breached the guilty plea agreement and (2) her counsel failed to object to the state's breach of the plea agreement. ECF No. 13. The only remaining argument in the respondent's motion to dismiss—other than its argument regarding the fugitive disentitlement doctrine—is that ground 2 is unexhausted. ECF No. 29 at 5.

A state prisoner must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). A claim was fully and fairly presented when the petitioner presented the substantial equivalent of his or her federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971).

In her pro se state habeas petition, Wenger argued that her public defender did not "fight for [her] agreed-upon 10-25 yr. sentence" and "did not argue for [her] on this matter or any matter." ECF No. 23-31 at 8. Then, in her opening brief on appeal, Wenger argued that her public defender "fail[ed] to argue for [her] on the prosecution's breach of plea." ECF No. 24-16 at 6. In the Nevada Court of Appeal's decision, it described Wenger's claim as follows: "counsel was ineffective for failing to argue for a sentence of 10 to 25 years, which was the sentence agreed to be recommended by the parties." ECF No. 24-29 at 3.

Wenger presented grounds 2's factual basis—her sentence not reflecting that agreed upon in the plea agreement—and ground 2's legal basis—her trial counsel failing to rectify the sentencing issue—to the state courts. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (finding that the state courts have been afforded a sufficient opportunity to hear an issue when a

petitioner has presented the state court with the issue's factual and legal basis). Although Wenger's state habeas petition and appellate brief were perhaps inartfully worded, I am satisfied that Wenger presented the substantial equivalent of ground 2 to the state courts. Ground 2 is exhausted.

**III. Conclusion**

It is therefore ordered that the motion for relief from the judgment **[ECF No. 37] is granted**.

It is further ordered that the Clerk of the Court (1) vacate the dismissal order and judgment [ECF Nos. 35, 36], (2) reopen this case, and (3) substitute William Reubart for respondent Frank Dreesen.

It is further ordered that the motion to dismiss **[ECF No. 29] is denied**. The respondent has up to and including December 21, 2026, to file an answer to the petition. The remainder of the scheduling order [ECF No. 9] remains in effect.

Dated: October 19, 2026

_______________________________
Cristina D. Silva
United States District Judge